**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

JAMES M. VARDON,

    *Plaintiff*,    CASE NO. 11-CV-12512

v.    DISTRICT JUDGE THOMAS LUDINGTON
       MAGISTRATE JUDGE CHARLES BINDER

DOW CHEMICAL COMPANY,

    *Defendant*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** for failure to state a claim upon which relief can be granted.

**II.    REPORT**

    **A.    Introduction**

On June 10, 2011, Plaintiff James M. Vardon, a citizen of Tampa, Florida, filed this *pro se* civil rights action against Dow Chemical Company. The case was referred to the undersigned magistrate judge for pretrial proceedings. Plaintiff's application to proceed without prepayment of fees was granted pursuant to the *in forma pauperis* statute. 28 U.S.C. § 1915(a)(1). After screening the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), I find that the case is ready for report and recommendation.

### B.     Screening Procedure & Governing Rules

In enacting the original *in forma pauperis* ("IFP") statute, Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). Therefore, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Rule 8(a) of the Federal Rules of Civil Procedure sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

### C.     Plaintiff's Claim

Plaintiff's *pro se* complaint against Dow Chemical Company states that the "[p]lace of alleged violation of civil rights" was the "Republic of Vietnam," and the "[d]ate of alleged violation of civil rights" was "June 1969 to July 1970." (Compl. at 1.) The factual allegations consist of the following sentence: "I was exposed to Agent Orange (a poison made by Dow) which

resulted in diabetes, high pressure etc. for me and birth defects for my children." (*Id*.) Plaintiff seeks $300,000 plus legal expenses and court costs. (*Id*. at 2.)

### D. Discussion

Plaintiff alleges the violation of his civil rights, but does not specifically mention the Civil Rights Act, 42 U.S.C. § 1983. This is not fatal to his claim, however, because when a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the pleading and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). A liberal reading of the complaint requires the court to construe Plaintiff's claim as one invoking the court's jurisdiction pursuant to 42 U.S.C. § 1983.

To state a claim under § 1983, a plaintiff must allege that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

In this case, I suggest that Plaintiff has failed to state a claim because he has sued a private defendant – Dow Chemical Company – and therefore cannot meet the first element of a civil rights claim, which is that the defendant must have been acting under the color of state law. *See Cotner v. Oklahoma Nat. Guard*, No. 94-7047, 1994 WL 582044 (10th Cir. Oct. 21, 1994) (affirming the district court's dismissal of the plaintiff's frivolous claim against Dow Chemical Company and other chemical companies alleging that exposure to Agent Orange violated his civil rights; the chemical companies were private defendants that did not act under color of state law).

3

Furthermore, to the extent that Plaintiff's *pro se* complaint could be construed to allege a state law products liability claim brought pursuant to this Court's diversity jurisdiction,[1] I suggest that Plaintiff likewise fails to state a claim. During the 1980s, hundreds of claims were brought against the chemical companies who manufactured Agent Orange by people who had been exposed to the chemical in Vietnam. The claims, which were filed in multiple districts across the country, were consolidated and adjudicated in the United States District Court for the Eastern District of New York. The court held that the chemical companies were not liable. *In re "Agent Orange" Product Liability Litigation*, 611 F. Supp. 1223 (E.D.N.Y. 1985). The Court of Appeals for the Second Circuit affirmed, explaining that "federal law shields a contractor from liability for injuries caused by products ordered by the government for a distinctly military use," so long as the contractors meet certain criteria, which in this case the contractors had done. *In re "Agent Orange" Product Liability Litigation*, 818 F.2d 187, 190 (2d Cir. 1987), *cert. denied sub nom. Krupkin v. Dow Chemical Co.*, 487 U.S. 1234, 108 S. Ct. 2899, 101 L. Ed. 2d 932 (1988).

Accordingly, I suggest that the case be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

**III.    REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See*

---

[1] No such claim is alleged in the Complaint. However, the box "Personal Injury - Product Liability" is checked on the Civil Cover Sheet that accompanies the Complaint.

4

*also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                  s/ *Charles E Binder*
                                                  CHARLES E. BINDER
Dated: June 28, 2011                             United States Magistrate Judge

## **CERTIFICATION**

     I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on James M. Vardon, P.O. Box 260934, Tampa, FL, 33615, and served on District Judge Ludington in the traditional manner.

Date: June 28, 2011                           By     s/*Jean L. Broucek*
                                                           Case Manager to Magistrate Judge Binder