UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES M. VARDON,

        Plaintiff,

                                                                          Case Number 11-12512-BC
v.                                                           Honorable Thomas L. Ludington

DOW CHEMICAL COMPANY,

        Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, AND DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM

Magistrate Judge Charles E. Binder issued a report and recommendation [Dkt. # 6] on June 28, 2011, recommending that the Court dismiss Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. Any party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendations. 28 U.S.C. § 636(b)(1). The district court will make a "de novo determination of those portions of the report . . . to which objection is made." *Id.* Plaintiff filed objections on July 28, 2011. Although the objections were late, Plaintiff explained that the clerk's office did not list Plaintiff's correct address on the docket and that delayed Plaintiff's receipt of the report and recommendations. Accordingly, Plaintiff's objections will be considered.

Judge Binder concluded that Plaintiff's complaint, which was filed without paying the $350 filing fee, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because he cannot bring a civil rights claim against a private party like Defendant Dow Chemical Company. Indeed, Plaintiff's complaint does not allege that Defendant was acting under color of law, nor, for that matter, does Plaintiff identify a specific constitutional provision that Defendant has violated. Plaintiff now

objects that he did not intend to bring a civil rights claim. He also does not identify the cause of action he did intend to bring. As Judge Binder noted, the closest Plaintiff gets to identifying another cause of action is checking the box marked "personal injury – products liability" on the Court's civil cover sheet. If it was Plaintiff's intention to bring a products liability action to recover for his personal injuries under Michigan law, his claims, which accrued more than forty years ago during the Vietnam war, are barred by the three-year statute of limitations. Mich. Comp. Laws § 600.5805(11). Therefore, any tort claim Plaintiff intended to bring would also be subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).

Notably, the Court is sympathetic to Plaintiff's claim that he and his family have suffered adverse health problems. Still, Judge Binder correctly concluded that his complaint does not state a claim for relief and therefore it must be dismissed. 28 U.S.C. § 1915(e)(2)(B). Although Plaintiff's complaint does not state a claim for relief against Defendant Dow Chemical Company, there are other resources available from the Department of Defense for military veterans suffering from Agent Orange exposure.[1]

Accordingly, it is **ORDERED** that the Judge Binder's report and recommendation [Dkt. # 6] is **ADOPTED**.

It is further **ORDERED** that Plaintiff's objections are **OVERRULED**.

---

[1] *See* http://www.publichealth.va.gov/exposures/agentorange/index.asp.

It is further **ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 8, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon James M. Vardon, at P.O. Box 260834, Tampa, FL 33615 by first class U.S. mail on August 8, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS
